IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GUIDEONE MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Docket No. |
| | ) | |
| FERNVALE COMMUNITY CHURCH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes the Plaintiff, GuideOne Mutual Insurance Company ("GuideOne"), files this complaint for declaratory judgment, respectfully showing the Court as follows:

1. This is an action for declaratory judgment brought pursuant to the provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and other legal relations surrounding the questions of actual controversy that presently exist between the plaintiff and defendant.

2. This action is one of which this court has original jurisdiction under the provisions of 28 U.S.C. § 1332 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

3. GuideOne Mutual Insurance Company is an insurance company incorporated in the State of Iowa and with its principal place of business in Iowa.

4. Fernvale Community Church, Inc. ("The Church") is a non-profit corporation organized and existing under the laws of the State of Tennessee and has its principal place of business located at 7891 Fernvale Road, Fairview, Williamson County, Tennessee 37062.

1

5. Venue is properly predicated upon 28 U.S.C. § 1391 (a).

6. This action arises out of tornado damage to the Defendant's church located at 7891 Fernvale Road, Fairview, Williamson County, Tennessee 37062.

7. The Plaintiff, GuideOne, issued a contract of insurance ("The Policy"), policy number 1184-128 with effective dates October 1, 2007 to October 1, 2008 to Fernvale Community Church as the named insured under the Policy. This Policy is attached hereto as Exhibit "A."

8. On or about February 5, 2008 the church building sustained tornado damage. The original church building was constructed in 1885 and was approximately 2,265 square feet.

9. GuideOne Insurance made payments to the Church pursuant to the insurance policy, including: (1) Policy limits for the building ($495,000); (2) Debris removal ($9,500); (3) Contents ($30,293.91); and (4) Extra expenses ($8,500). GuideOne retains some personal property amounts in holdback.

10. Defendant submitted an additional claim to GuideOne Insurance for the increased costs associated with building code upgrades it is allegedly required to make to the newly-constructed church building. The Church is seeking coverage for alleged building code upgrades under the "Additional Coverages" section of the policy, which provides ordinance-or-law coverage. The ordinance-or-law coverage is not unlimited and is subject to terms, conditions, and exclusions. The Church submitted expenses above and beyond the available $250,000 "Additional Coverage."

11. GuideOne previously made a payment in the amount of $60,000 to the Church for undisputed code upgrades pursuant to the ordinance-or-law additional coverage provision of the policy.

12. At the time of filing of this Complaint, GuideOne's obligation to pay the remaining $190,000 in ordinance-or-law coverage is in dispute.

13. The ordinance-or-law coverage provision in the "Additional Coverages" section of the policy states as follows:

**Building and Personal Property Coverage Form**

**A.     Coverage**

**4.     Additional Coverages**

**(e)     Ordinance or Law**

This Additional Coverage applies only to buildings to which the Replacement Cost coverage applies.

If a Covered Cause of Loss occurs to covered Building property, and causes the enforcement of any ordinance or law that **(a)** is in force at the time the cause of loss occurs, and **(b)** regulates the repair or reconstruction of that building, or establishes zoning or land use requirements at the described premises, we will pay:

**(3)**  Up to $250,000 for the amount you actually spend for the increased cost to repair or reconstruct that building. Increased cost is the cost excess of that cost to repair or reconstruct the damaged or destroyed property to meet minimum requirements of such ordinance or law, ***on the basis of its like kind and quality***, at the time the Covered Cause of Loss occurs.  (emphasis added)

However, we will not pay for the increased cost applicable To the undamaged parts of that property, required by such Ordinance or law to be demolished.  If the property is Repaired or reconstructed, it must be intended for a similar Occupancy as the current property, unless otherwise required By zoning or land use law.

3

This is an additional amount of insurance.

We will not pay for increased construction costs under this Coverage Part:

**(1)** Until the property is actually repaired or replaced, at The same premises or elsewhere; and

**(2)** Unless the repairs or replacement are made as soon as Reasonably possible after the loss or damage, not to Exceed two years. We may extend this period in writing During the two years.

…

We will not pay more:

(1) If the property is repaired or replaced on the same premises, than the amount you actually spend to:

    a. Demolish and clear the site; and
    **b.** Repair, rebuild or construct the property *but not for more than property of the same height, floor area and style on the same premises.* (emphasis added)

…

**The terms of this Additional Coverage shall:**

**(1)** **Not apply to any property or building that is not Covered Property;**

(emphasis added)

…

**(4)** Not apply to the enforcement of any ordinance or law which requires demolition, repair, replacement, reconstruction, remodeling or remediation or property due to contamination by "pollutants" or due to the presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria; or

**(5)** Not apply to any costs associated with the enforcement of an ordinance or law which requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants", "fungus", wet or dry rot or bacteria.

…

4

The Ordinance or Law exclusion does not apply to this Additional Coverage.

14. "Covered property" is defined under the policy as follows:

**Building and Personal Property Coverage Form**

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property
At the premises described in the Declarations caused by or resulting
From any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.,** Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

   a. **Building**, meaning the building or structure described in the Declarations, Including:
      (1) completed additions;
      (2) fixtures, including outdoor fixtures permanently installed on the building;
      (3) permanently installed
            (a) machinery and
            (b) equipment;
      (4) personal property owned by the church used to maintain or service the building or structure or its premises…
      (5) If not covered by other insurance:
            (a) additions under construction, alterations and repairs to the building or structure;
            (b) materials, equipment, supplies and temporary structures on or within 100 feet of the described premises;
      (6) signs, radio and television antennae and satellite dishes attached or within 100 feet ofpremises; and
      (7) walls, fences and walks.

   A. Business personal property located in the building or within 100 feet of premises and personal property of others located in the building, but "payment for loss of or damage to Personal Property of Others will only be for the account of the owner of the property."

15. "Property Not Covered" is defined in the Policy as:

**Building and Personal Property Coverage Form**

5

    **A.**    **Coverage**

    **2. Property Not Covered**

    Covered Property does not include:

    **d.**    Bridges, roadways, patios or other paved surfaces, except walks;

    …

    **g.**    Foundations of buildings, structures, machinery or boilers if their foundations are below:

        **(1)**    The lowest basement floor; or
        **(2)**    The surface of the ground, if there is no basement;

    …

    **h.**    Land (including land on which the property is located), water or growing crops; or laws, except as provided in the Coverage Extensions;

    …

    **m.**    Underground pipes, flues or drains.

16. The Church is further seeking "Additional Coverages" for upgrades it claims are required by the Williamson County Codes Department pursuant to the above provisions. Those upgrades include, but are not limited to: (1) Asphalt paving and striping ($24,318.00); (2) Site lighting at parking lot ($17,850.00); (3) Extruded curbing ($3,645.00); (4) Additional land for sewer ($180,000.00); (5) Grading for parking lot and sewer system ($18,000.00); (6) Storm drainage ($7,400.00); and (7) Landscaping ($16,700.00). GuideOne denies that the "Additional Coverages" provision extends coverage to these items.

17. GuideOne further asserts that that the "Additional Coverages" provision does not extend for (1) the purchase of nine (9) additional acres of land on which to construct the new church; (2) Underground sewer/septic pipes; and (3) Paved parking lot.

18. The policy further includes a provision on "Causes of Loss" stating:

    **CAUSES OF LOSS – SPECIAL FORM**

    **B.  Exclusions**

        **3.**  We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.**  But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

        **c.  Faulty, inadequate or defective:**

            **(1)**  Planning, zoning, development, surveying, siting;

            **(2)**  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

            **(3)**  Materials used in repair, construction, renovation or remodeling; or

            **(4)**  Maintenance;

    of part or all of any property on or off the described premises.

19. The Church is seeking coverage for the following: (1) Framing deficiencies ($5,000.00); (2) Insulation deficiencies ($3,000.00); (3) HVAC deficiencies ($12,000.00); and (4) Additional electrical deficiencies ($8,000.00). GuideOne asserts these items are excluded from coverage pursuant to the exclusions set forth above.

20. The Church further seeks coverage for costs that arise out of its discretionary changes and upgrades in use and occupancy of the building and external upgrades. GuideOne asserts this is insufficient to trigger ordinance or law coverage or any other coverage provisions of the Policy.

7

21. GuideOne Insurance seeks a declaration from the Court that the Policy does not provide additional coverage for *all* increased code-related costs and that GuideOne's obligation under the policy is limited by the language of the provisions of the policy.

22. GuideOne Insurnace seeks a declaration from the Court that the Policy does not provide additional coverage for discretionary and elective upgrades made by the Church.

23. GuideOne Insurance seeks a declaration from the Court that the Policy does not provide additional coverage for the Church's purchase of additional land upon which to construct the new church, which is larger in scale than the original church.

24. GuideOne Insurance seeks a declaration from the Court that the Policy does not provide additional coverage for the Church's purchase of land for sewer, grading for sewer, storm drainage, and landscaping for the new land, nor for underground pipes on the newly purchased land.

25. GuideOne Insurance seeks a declaration from the Court that the Policy does not provide additional coverage for the paved parking lot, site lighting for the parking lot, asphalt paving and striping, extruded curbing, nor grading for the parking lot.

26. GuideOne Insurance seeks a declaration from the Court that the Policy does not cover costs associated with framing, insulation, HVAC, and electrical deficiencies.

WHEREFORE, GuideOne respectfully prays that this court enter judgment declaring:

1. That GuideOne is not liable for amounts in addition to what has previously been paid to Defendant;

2. That GuideOne be awarded costs in pursuing this action;

3. That GuideOne be granted a trial on the issues; and

8

4. That the court grant GuideOne any other relief it deems equitable and just.

          Respectfully submitted,

          Ortale, Kelley, Herbert & Crawford

          */s/     Gerald C. Wigger*
          Gerald C. Wigger, BPR No. 013463
          200 Fourth Avenue North, Third Floor
          P.O. Box 198985
          Nashville, TN 37219-8985
          (615) 256-9999 phone
          (615) 726-1494 fax
          gwigger@ortalekelley.com

          Ortale, Kelley, Herbert & Crawford

          */s/     Angela D. Simmons*
          Angela D. Simmons, BPR No. 021004
          200 Fourth Avenue North, Third Floor
          P.O. Box 198985
          Nashville, TN 37219-8985
          (615) 256-9999 phone
          (615) 726-1494 fax
          asimmons@ortalekelley.com

I AM SURETY FOR COSTS IN THIS MATTER.

          /s/     *Gerald C. Wigger*
                Gerald C. Wigger

CERTICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Complaint for Declaratory Judgment has been sent via United States Mail, postage prepaid, and via facsimile to:

    Robert M. Pautienus, III
    Ingraham, Pautienus & Tidwell, PLLC
    216 Centerview Drive
    Suite 317
    Brentwood, TN  37027

    (615) 371-8769 Facsimile

      and all other parties of record to receive notice electronically, if possible, via the United States District Court's CM/ECF filing system, on this 25th day of November, 2009.

                /s/    ***Gerald C. Wigger***
                        Gerald C. Wigger